

RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE ___11 / 8 / 11___
BY _____

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

WILLIAM MERCER, #15996-016                    DOCKET NO. 11-CV-1499; SEC. P

VERSUS                                        JUDGE DEE D. DRELL

USA, ET AL.                                   MAGISTRATE JUDGE JAMES D. KIRK

<u>REPORT AND RECOMMENDATION</u>

Before the Court is one of seven *pro se* complaints filed recently by Plaintiff William Mercer pursuant to <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>[1].  Plaintiff is an inmate in the custody of the United States Bureau of Prisons, and he is incarcerated at the United States Penitentiary (USP) in Pollock, Louisiana.  He complains that on a single occasion, he was told that there was no religion service taking place, when there actually was a service.  Due to the defendants' actions, Plaintiff missed a portion of the religious service.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Plaintiff's Allegations*

Plaintiff alleges that, on August 27, 2010, a guard refused to open the door for Plaintiff so that he could get to the chapel

---

[1]In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

for service.   He states that the officer did not know who Plaintiff was.   However, once a staff member "went and checked", Plaintiff was allowed into the chapel.

### *Law and Analysis*

Moreover, Plaintiff has not alleged any physical injury suffered as the result of the actions of the defendants.   42 U.S.C. §1997e(e) provides that no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.   To the extent that Plaintiff wishes to sue under the FTCA, Section 1997e(e) also applies to that claim.   See Stephens v. Yusuff, 95 Fed. Appx. 78, (5th Cir. 2004).

### *Conclusion*

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED with prejudice** in accordance with the provisions of 28 U.S.C. §1915(e)(2)(b).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14)days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.    See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed in Alexandria, Louisiana, this day of November, 2011.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE